## The People, for use of State Board of Health, Appellee, v. Mary Weding, Appellee.

MEDICINE—*when practicing without license not established.* *Held,* that the defendant, a licensed midwife, was not shown to have practiced medicine without a license in violation of the statute. Evidence that a tablet of some kind was given—the exact kind not being shown—is not sufficient to establish that the defendant had "used any drugs or medicine."

Action in debt. Appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1908. Reversed. Opinion filed March 4, 1909.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant; H. H. WILLOUGHBY, of counsel.

R. J. BROWN, for appellee.

PER CURIAM. This was an action in debt, in the Circuit Court of Madison county, by appellee against appellant, to recover penalties for the alleged practice of medicine by appellant without a license, in violation of Section 9 of the Act pertaining to Medicine and Surgery. Jury waived. Trial by the court without a jury. The court found appellant guilty on the fifth count of the declaration, rendered judgment on the finding, imposed a fine of $100, and costs, and ordered her committed to the county jail until the fine and costs were paid.

The declaration consisted of eight counts, each in effect charging appellant with treating a specified patient or patients, without having a license, in violation of the statute. At the close of the evidence in chief counsel for appellee withdrew all the counts except the fifth and seventh. The fifth charged appellant with treating Mrs. Youree Hawks, and the seventh, with treating two infant children of Mrs. Youree Hawks.

Appellant has a license as a midwife, issued by the State Board of Health, June 16, 1897, and has practiced as a midwife in Granite City and in that neighborhood ever since, having an extensive practice, sometimes going as far as twenty miles to visit patients. Since the prosecution withdrew six counts of the declaration and the court found appellant not guilty as to one count, there remains for our consideration only the case as based upon the remaining count,—the fifth. This count as above noted charges appellant with treating Mrs. Youree Hawks.

Mrs Hawks was confined on the 27th day of December, 1907, and appellant was called to attend her. Mrs. Hawks gave birth to twins, and appellant attended upon her "for about eight days, this being the usual time for a midwife to attend in labor cases." Counsel for appellee claims that appellant gave Mrs. Hawks

some kind of a tablet, administered to her in water, just after the birth of the children. This is the sum total of the claim against appellant, with respect to this count, and counsel does not even suggest what the tablet contained nor what it was given for. The proof that any tablet was in fact administered by appellant or under her direction, or even that the patient took a tablet, is not satisfactory; and we are of opinion that the evidence wholly fails to prove that appellant "used any drugs or medicine," at any time in connection with her attendance upon Mrs. Hawks. This being our judgment as to the state of the evidence, and being conclusive as to the case, we do not feel that it would be proper for us to discuss and express our opinion upon the other questions raised upon this appeal.

The judgment of the Circuit Court is reversed, and we find as an ultimate fact to be incorporated in the judgment, that the evidence does not prove that appellant used any drugs or medicine, at any time, in connection with her attendance upon Mrs. Youree Hawks during the period of her confinement.

*Reversed.*